**Robert J. WASHINGTON, Plaintiff-Appellant,**

v.

**Elliott L. RICHARDSON, Defendant-Appellee.**

**No. 71-3239**

**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Feb. 14, 1972.

Charles Tyler Clark, Birmingham, Ala., for plaintiff-appellant.

Henry I. Frohsin, Asst. U. S. Atty., Wayman G. Sherrer, U. S. Atty., Birmingham, Ala., for defendant-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

On September 29, 1966, Robert J. Washington, filed an application for disability insurance benefits stating that

---

\* ▇ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

he became disabled in November, 1965. His application was denied and he requested a reconsideration on December 9, 1966. Upon reconsideration, his claim was granted and the appellant was awarded benefits effective June, 1966. The Secretary later determined that the appellant's disability had ceased as of January, 1970, and accordingly his entitlement to disability benefits ended with the month of March, 1970. A request for reconsideration was filed on March 2, 1970. Upon reconsideration, the decision of the Secretary was affirmed. The appellant requested a hearing which was held before a Hearing Examiner for the Bureau of Hearing and Appeals on July 21, 1970. At the hearing, the appellant, along with a vocational expert, appeared and testified. The appellant was not represented by counsel. On August 14, 1970, the Hearing Examiner entered his notice of decision affirming the cessation of benefits. On August 18, 1970, the appellant filed a request for a review of the Hearing Examiner's decision which review was granted by letter of the Secretary dated September 18, 1970. In subsequent months, the Hearing Examiner's decision was supplemented by further medical evidence, and on January 26, 1971, the Appeals Council affirmed the Hearing Examiner's decision. Thereafter this suit was commenced in the United States District Court for the Northern District of Alabama. The District Court reviewed the decision of the Secretary and affirmed it, thus bringing the case within the jurisdiction of this Court.

An examination of the record reveals no indication that the Secretary obtained medical evidence upon, or considered, or evaluated the hypertensive cardiovascular disease and emotional impairments which the record shows Robert J. Washington to have been suffering from. Attention was concentrated on disabilities of the back, which had originally caused Washington to be found eligible for benefits.

We, therefore, vacate the judgment of the District Court and remand the case with directions that Washington's application for benefits be remanded to the Secretary for consideration and evaluation of his hypertensive cardiovascular disease and his emotional impairments along with the other disabilities which the Secretary has already considered and evaluated.

So ordered.